Matthias, J.
The single question presented is whether, where audits to determine sales tax liability of a vendor are made without the vendor’s records being made available, and assessments are determined on the basis of a markup on purchases and estimates furnished by the vendor, the Tax Commissioner, even though such assessments are satisfied, may, within the four-year period prescribed by Section 5546-9d, General Code, make a reaudit covering the same period as the former audits, basing such reaudit on sales records of the vendor then made available by him, and impose a corrected sales tax assessment thereon.
The record of the hearing before the Board of Tax Appeals discloses that the vendor took no issue as to figures or computation of the taxes assessed as a result of the reaudit but directed some criticism at the examiner who made the previous audits because of his credulity in so readily accepting representations of the vendor instead of demanding records or securing the same by the compulsory means provided by statute. The vendor, therefore, expressly limited the controversy to the legal question presented. The vendor contends that such reaudit and consequent assessment are invalid because they were in excess of the authority conferred upon the Tax Commissioner and violative of the provisions of Section 5546-9a, General Code. The pertinent portion of that section is as follows:
“Unless the vendor or consumer, to whom said notice of assessment is directed, shall, within thirty days after service thereof, either personally or by registered mail, file a petition in writing, verified under oath by said vendor, consumer, or his duly authorized agent, having knowledge of the facts, setting forth with definiteness and particularly the items of said assessment objected to, together with the reason for such objections, said assessment shall become and be deemed conclusive and the amount thereof shall be due and *55 payable, from the vendor or consumer so assessed, to the Treasurer of State. ’ ’
The entry of the Board of Tax Appeals registers agreement “with the Tax Commissioner that he should have the power and authority to make as many sales tax assessments for the same audit period as are necessary to recover for the state of Ohio the sales tax money collected, or that money which -should have been collected by a vendor,” but holds that the Tax Commissioner is limited in that regard, and that, in’ the instant case, was entirely precluded from exercising such authority by the provision of Section 5546-9a, General Code, that “said assessment shall become and be deemed conclusive.”
From a careful examination of the statutory provisions constituting the Sales Tax Act, together with paragraph numbered 9 of Section 1464-3, General Code, this court unanimously reaches the opposite conclusion. Being in pari materia, all those statutory provisions should be considered and construed together.
The legislative purpose in the enactment of statutes —the object sought to be attained thereby — is one of the factors involved in their interpretation and application, and a construction thereof should be avoided, if possible, that would effect a restriction of operation or result in circumventing the evident purpose of the enactment. Likewise if a specific provision contained therein has an evident limited -purpose its application and effect should not be extended.
The above-quoted portion of Section 5546-9a, General Code, by its clear terms relates only to matters of procedure. Following the statement of the requirement as to giving notice of the assessment is the specific statement of what must be done by the vendor if he would avoid the conclusiveness of that assessment. That portion of the section relates, only, to the procedure which may be pursued by the vendor. He must within thirty days after service of notice of that as *56 sessment file a petition setting forth the items of the assessment objected to, together with the reason for his objection. If .the vendor does not pursue the remedy thus proffered him the assessment is conclusive. We find here no provision of finality which would or should render the Tax Commissioner absolutely impotent to, within the period limited by statute, make further investigation upon, as in this case, later obtaining records showing a tax liability far in excess of that disclosed by a so-called estimate of the vendor wherein sales were so grossly misrepresented and so out of proportion in amount with that disclosed by the records of the vendor as to constitute fraud upon the state.
In this case, it is disclosed that as to the item of food alone the estimated sales were $5,200 per year whereas the vendor’s records actually showed such sales to be approximately $80,000 per year. On the whole the vendor’s records warranted an assessment practically double that which had been básed upon the vendor’s representation of sales during the period covered.
Broad powers are conferred upon the Tax Commissioner, and necessarily so, particularly with reference to sales tax assessments. It is provided in Section 5546-12a, General Code, that, “in addition to the tax levied in Section 5546-2 of the General Code, * * * there is hereby levied upon the privilege of engaging in the business of making retail sales, an excise tax of three per centum of the receipts derived from ail such retail sales” (except sales specifically exempted), and it is provided in Section 5546-2, General Code, that, “for the purpose of the proper administration of this act and to prevent the evasion of the tax hereby levied, it shall be presumed that all sales made in this state are subject to the tax hereby levied until the contrary is established.”
*57 The provisions of paragraph numbered 9 of Section 1464-3, General Code, are applicable and conclusive of the issue presented. The pertinent portion thereof reads as follows:
“Pursuant to time limitations now provided bylaw, on his [the Tax Commissioner] own motion, to review, redetermine or correct any tax assessments, valuations, findings, determinations, computations or orders which he shall have made, provided, however, that he shall no.t review, redetermine or correct any tax assessment valuation, finding, determination, computation or order which he shall have made as to which an appeal or application for rehearing, review, redetermination or correction shall have been filed with the Board of Tax Appeals, unless such appeal or application is withdrawn or dismissed by the appellant or applicant.”
The time limit prescribed by statute is the four-year period fixed by Section 5546-9d, General Code, and that contains the only provision which specifically limits the period within which the Tax Commissioner’s power to determine a vendor’s tax liability must be exercised.
It follows that the decision of the Board of Tax Appeals is unreasonable and unlawful, and it is, therefore, reversed, and the order of the Tax Commissioner is affirmed.

Decision reversed.

Weygandt, C. J., Middleton, Taet, Hart, Zimmerman and Stewart, JJ., concur.